IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







AP-75,196






Ex parte MITCHELL AUSTIN BAKER, Applicant






Application for Writ of Habeas Corpus.


Case W95-03708-B of the 291st Judicial District Court of


Dallas County.






 Womack, J., delivered the opinion for a unanimous Court.



 The issue in this case is whether the post-conviction writ of habeas corpus under Article
11.07 of the Code of Criminal Procedure is available for complaints that counsel performed
inadequately on a motion for forensic DNA testing under Chapter 64 of the Code. We hold that it
is not.

The Applicant


 In 1995 a jury found Mitchell Austin Baker guilty of the felony offenses of aggravated
sexual assault and compelling prostitution. He was sentenced to twenty years' imprisonment. The
judgments of conviction were affirmed on appeal in 1998. (1)

The Motion for Forensic DNA Testing


 In 2001, Chapter 64 of the Code of Criminal Procedure was enacted. It allows a convicted
person to submit to the convicting court a motion for forensic DNA testing of evidence containing biological material (2) if (1) the material was secured in relation to the person's offense and was
in the possession of the State during the trial of the offense, (3) and if (2) it either (a) was not
subjected to DNA testing for certain reasons, (4) or (b) can be subjected to additional testing with
newer techniques. (5)

 The statute entitles a convicted person to counsel during the proceeding. (6) In its original
enactment, which was in effect for Baker's motion, the statute required appointment of counsel
for an indigent person. (7) In 2003, an amendment limited the requirement of counsel to cases in
which the court finds reasonable grounds for a motion to be filed. (8)

 The statute requires that the court provide the prosecutor with a copy of the motion. The
court must require the prosecutor to deliver the evidence to the court or to explain why he
cannot. (9)

 The statute permits, and in some instances it requires, the convicting court to make
findings on a motion. Initially, the statute requires the court to have made certain findings before
it may order forensic DNA testing. (10) If the court orders testing, it makes another finding after
examining the results and holding a hearing. (11)

 The statute does not say that a favorable finding will have any effect on the conviction.

 The statute provides an appeal. It says, "An appeal under this chapter is  in the same
manner as an appeal of any other criminal matter." (12)

 In 2002, Baker moved for forensic DNA testing. The convicting court appointed an
attorney for him. After receiving the State's explanation that no biological material was collected
in the applicant's cases, the court denied testing without holding a hearing. Baker appealed, and
the convicting court's decisions were affirmed. (13)

The Habeas Corpus Application


 Now Baker, still confined in prison, seeks post-conviction habeas corpus relief under
Sections 1, 3, 4, 5, 6, and 7 of Article 11.07 of the Code of Criminal Procedure. Those are the
sections in which the article "establishes the procedures" for relief from confinement after final
felony conviction. (14) "After conviction, the procedure outlined in [those sections] shall be
exclusive and any other proceeding shall be void and of no force and effect in discharging the
prisoner." (15) (The often overlooked Section 2 of the article authorizes another kind of writ of
habeas corpus, which a district court may issue after indictment, but before conviction, in a
felony case.)

 "After final conviction" in a non-death-penalty felony case, "the writ must be made
returnable to the Court of Criminal Appeals at Austin, Texas." (16) When an application for writ of
habeas corpus in such a case is "filed with the clerk of the of the court in which the conviction
being challenged was obtained" and "the application is received by that court, a writ of habeas
corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law." (17)

 Because Baker filed such an application in the convicting court, a writ of habeas corpus,
returnable to this court, issued by operation of law. 

 The issue is whether the application seeks relief from confinement after final felony
conviction, which is the particular kind of restraint that may be questioned in such a habeas
corpus proceeding.

 We have recognized that favorable results of DNA testing under Chapter 64 may be used
in post-conviction habeas corpus. A claim of actual innocence may be made under Article 11.07
to seek relief from confinement. (18) In Ex parte Tuley, we said that "after obtaining [under Chapter
64] test results that constitute affirmative evidence of innocence," the writ of habeas corpus
under article 11.07 would be the "vehicle for relief" from a judgment of conviction for a felony
in which the punishment was other than death. (19) We have granted relief by post-conviction writs
of habeas corpus to convicted persons who used favorable forensic DNA test results to prove
actual innocence. (20)

 Baker's habeas corpus application is not based on favorable results from the Chapter 64
proceeding. His application presents two claims for relief that we have docketed for consideration:

 (1) ineffective assistance of counsel in the convicting court because "he did not
pursu[e] the challenging of the sufficiency of the  evidence (DNA), [and] failed to
comply with  art. 64.03(a)(2) (21)  to represent the entire proceeding of DNA testing,"
and

 (2) "ineffective assistance of appeal attorney" because the attorney stated that he
felt that DNA testing would have yielded favorable results "but he himself failed to order
one in this cause."

 We ordered the convicting court to insure that Baker was provided a different counsel for
this proceeding, and we ordered the parties to brief the issue of the cognizability of these claims
for habeas corpus relief under Article 11.07.

 Baker presents three arguments for cognizability:

 (1) "[B]ased on Tuley, it appears that Art. 11.07 is the procedure intended by the
legislature for convicted persons to obtain relief under motions filed pursuant to Art.
64.01." (22)

 (2) Although "[g]enerally a claim which was previously raised and rejected on
direct appeal is not cognizable through Habeas Corpus , this doctrine should not be
applied where appeal cannot be expected to provide an adequate record to evaluate the
claim in question, and the claim might be substantiated through additional evidence
gathered in a Habeas Corpus proceeding.  [T]his Court specifically stated that a claim
of ineffective assistance of counsel is a cognizable claim that may be raised in a writ" of
habeas corpus because appeal was inadequate. (23)

 (3) This claim is not like a claim in a subsequent habeas-corpus application that
counsel was ineffective in an earlier habeas proceeding "since an individual does not have
a constitutional right to counsel [in habeas, but]  Article 64.01(c) specifically states, 'a
convicted person is entitled to counsel during a proceeding under this chapter.'" (24)

We do not find the arguments to be persuasive.

 After a criminal conviction, a person is confined by the judgment of a court of competent
jurisdiction. If the conviction has been imposed without jurisdiction or by violation of constitutional protections, or if an innocent person has been convicted, the collateral procedure of habeas
corpus will lie to free the person from the unlawful confinement.

 In Ex parte Tuley, we referred to an earlier decision that habeas corpus lay for a claim that
an applicant was unlawfully confined by a judgment of conviction for an offense of which he was
actually innocent. We said that a favorable result of forensic DNA testing under Chapter 64 could
be evidence to support such a claim for relief by proving actual innocence. This is no support for
an argument that an unfavorable result, or an error in procedure, under Chapter 64 is itself a
confinement for which habeas corpus lies. A Chapter 64 motion can help a convicted person who
is confined by a judgment of conviction, and the statute provides appeal to correct an error in the
proceeding. But a Chapter 64 motion's failure to help does not impose an independent confinement.

 The statutory right to counsel under Chapter 64 does not alter the analysis. If a person is
confined by a judgment of conviction, counsel can assist him in seeking relief, but no assistance
of counsel, however bad, can lead to an independent confinement. Neither Chapter 64 nor Article
11.07 calls for the remedy of habeas corpus.

 Although we need not decide whether another remedy is available in a case in which an
convicted person did not receive adequate assistance of counsel in a Chapter 64 proceeding, we
may observe that, in some cases, a convicted person may get relief from defective representation
by counsel through appeal under that chapter. We also see that Chapter 64 does not prohibit a
second, or successive, motion for forensic DNA testing, and that a convicting court may order
testing of material that was not previously tested "through no fault of the convicted person, for
reasons that are of a nature that the interests of justice require DNA testing." (25)

 Baker is not confined because of any error in his Chapter 64 proceeding. Therefore the
post-conviction writ of habeas corpus is not available for his claims of ineffective assistance of
counsel in those proceedings.

 The application is dismissed.


En banc.

Delivered February 8, 2006.

Publish.
1. Baker v. State, 05-96-00705-CR & 05-96-00706-CR (Tex. App. -- Dallas, February 20, 1998, pet. ref'd)
(not designated for publication).
2. Code Crim. Proc. art. 64.01(a).
3. See id., art. 64.01(b).
4. See id., art. 64.01(b)(1).
5. See id., art. 64.01(b)(2).
6. See id., art. 64.01(c).
7. Act of April 5, 2001, 76th Leg., R.S., ch. 1, § 2, art. 64.01(c), 2001 Tex. Gen. Laws 2.
8. Act of May 9, 2003, 77th Leg., R.S., ch. 13, § 1, 2002 Tex. Gen. Laws 16.
9. See Code Crim. Proc., art. 64.02.
10. See id., art. 64.03(a).
11. See id., art. 64.04.
12. Id., art. 64.05.
13. Baker v. State, 05-02-01905-CR & 05-02-01906-CR (Tex. App. -- Dallas August 19, 2003) (not
designated for publication).
14. Code Crim. Proc. art. 11.07, § 1.
15. Id., § 5.
16. Id., § 2.
17. Id., § 3(b).
18. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Cr. App. 1996).
19. 109 S.W.3d 388, 391 (Tex. Cr. App. 2002) (dicta).
20. See, e.g., Ex parte Karage, AP-75,252 (Tex. Cr. App. September 28, 2005) (not designated for
publication); Ex parte Sutton, AP-75,181 (Tex. Cr. App. May 25, 2005) (not designated for publication); Ex parte
Ochoa, No. 74,246 (Tex. Cr. App. September 19, 2001) (not designated for publication).
21. Code Crim. Proc. art. 64.03:

 "(a) A convicting court may order forensic DNA testing under this chapter only if:

 "(1) 

 "(2) the convicted person establishes by a preponderance of the evidence that:

 "(A) the person would not have been convicted if exculpatory results had been obtained
through DNA testing; and

 "(B) the request for the proposed DNA testing is not made to unreasonably delay the
execution of sentence or administration of justice."
22. Brief, at 4.
23. Id., at 4-5.
24. Id., at 5 (citations omitted).
25. Code Crim. Proc. art. 64.01(b)(1)(B).